[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

No. 16-14947
Non-Argument Calendar
————————————————

D.C. Docket No. 1:15-cr-00423-ELR-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AVERY FRAZIER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
————————————————

(August 8, 2017)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Avery Frazier pleaded guilty to four counts of Hobbs Act robbery, 18 U.S.C. § 1951(a), and one count of brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii).  The crimes involved robberies of automobile title loan businesses where Frazier brandished a gun, threatened employees' lives, and told them that if they wanted to see their families again they had to comply with his demands.  During three of the four robberies, Frazier forced the employees into another room in the business and ordered them to stay there so that he would have time to flee the scene.

Before the sentence hearing, the government filed victim impact statements written by the employees of the stores that Frazier had robbed.  One employee was so traumatized by the robbery that she relocated to a different city and found a new job.  Another employee stated that she was "scared to come back to work" but that she could not quit because she was a single mom and needed money to provide for her family.  At the hearing, which lasted over three hours, the government presented evidence showing that Frazier had a gambling habit and had gambled away the robbery proceeds.  Frazier, however, stated during his allocution that he had committed the offenses to provide for himself and his family.  He failed to address or even acknowledge the evidence that he gambled away the stolen money, a failure that the district court found "confusing" and was concerned about.

2

Frazier presented four character witnesses who testified about his faith and involvement in the church.

The district court calculated an advisory guidelines range of 162 to 181 months imprisonment, but decided to vary upward and imposed a sentence of 240 months imprisonment, explaining that "[a]fter considering all of the applicable sentencing factors pursuant to 18 U.S.C. § 3553(a), I do find that this sentence, which is above the advisory custodial guideline range, is appropriate, adequate, and necessary for punishment and deterrence." Frazier challenges his sentence, contending that it is procedurally and substantively unreasonable.

District courts "must impose a procedurally and substantively reasonable sentence." United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). A sentence is procedurally unreasonable if the district court "fail[s] to adequately explain its variance from the advisory Guidelines range to its chosen sentence in a way that allows for any meaningful appellate review." United States v. Livesay, 525 F.3d 1081, 1093 (11th Cir. 2008).

Frazier contends that his sentence is procedurally unreasonable because the district court's explanation of its reasons for the upward variance was not adequate. We disagree. Several times during the lengthy sentence hearing, the district court expressed concern about the facts underlying all of Frazier's crimes and the impact those crimes had on the stores' employees. It found Frazier (and his proffered

3

reason for committing the robberies — to provide for his family) not credible, especially given his failure to respond to the government's evidence showing that he gambled away the robbery money. It found that the facts of those crimes along with his failure to respond to the gambling evidence related to two § 3553(a) factors, punishment and deterrence, and stated that the guidelines range did not sufficiently account for those two factors in Frazier's case. The district court adequately explained its reasons for varying upward, and for that reason Frazier's sentence was not procedurally unreasonable.[1]

Frazier also contends that his sentence was substantively unreasonable because it was outside of the range of reasonable sentences for his offenses. We review for an abuse of discretion the substantive reasonableness of a sentence. United States v. Irey, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." Id. at 1189. We vacate a sentence for substantive

---

[1] Frazier contends that by relying on the fact that he brandished a firearm during the robberies as a reason to vary upward the district court engaged in double counting. He argues that his firearm brandishing conduct had already been taken into account under his guidelines calculation. Frazier misunderstands double counting. It occurs only when one part of the guidelines is applied to account for a harm that another part of the guidelines has already fully accounted for. See United States v. Dudley, 463 F.3d 1221, 1226–27 (11th Cir. 2006). In imposing a variance, however, the district court "may consider conduct that a probation officer already had considered in calculating the defendant's guidelines range." United States v. Moran, 778 F.3d 942, 983 (11th Cir. 2015).

unreasonableness "if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" Id. at 1190 (quoting United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Under § 3553(a), the district court must "impose a sentence sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including to provide punishment for the offense, reflect the seriousness of the offense, and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a). District courts must also consider "the nature and circumstances of the offense," the defendant's "history and characteristics," and "the kinds of sentences available." Id. In the substantive reasonableness context, "a major variance . . . require[s] a more significant justification than a minor one — the requirement is that the justification be sufficiently compelling to support the degree of the variance." Irey, 612 F.3d at 1196 (quotation marks omitted).

Frazier contends that the district court abused its discretion in varying upward because it gave too much weight to his gambling habit and did not give enough weight to his allocution, character witness testimony, and lack of criminal history. The district court did not abuse its discretion in giving more weight to the fact that Frazier gambled away the robbery money than it gave to his allocution. It

5

found Frazier's allocution not credible.  He never addressed the gambling and he asserted (despite the gambling evidence showing otherwise) that he had committed the crimes to provide for his family.  The district court also did not clearly err in finding Frazier's character witnesses' testimony not credible.  The record shows that it was unclear how well those witnesses truly knew him.  "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted), and here the record establishes that the court acted well within its discretion in weighing the § 3553(a) factors as it did.

The record shows that Frazier robbed at least four businesses, used a firearm to threaten at least seven employees, and subjected those people to emotional trauma that was detailed in victim impact statements.  In light of that evidence, the district court did not abuse its discretion in concluding that the need for deterrence and punishment justified the upward variance that it imposed.

**AFFIRMED.**

6